IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL JOHNSON,<br>    Petitioner, | )<br>)<br>) |
| v. | ) 2:14-cv-214<br>) |
| WARDEN MARK CAPOZZA et al.,<br>    Respondents. | )<br>)<br>) |

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the respondents' motion to dismiss (ECF 7) be granted, and that the petition be dismissed as time barred.

II. Report:

Jamal Johnson, by his counsel, has submitted a petition for a writ of habeas corpus which the respondents have now moved to dismiss.

Johnson is presently serving a sentence of life plus twenty to forty year imposed following his conviction by a jury on charges of first degree murder, kidnapping, burglary, robbery and criminal conspiracy at No. CC 2003-09986 and CC 2003-15425 in the Court of Common Pleas of Allegheny County, Pennsylvania. This sentence was imposed on April 25, 2005.[1] An appeal was taken to the Superior Court which affirmed the judgment of sentence on July 21, 2008 and relief was not sought from the Supreme Court of Pennsylvania.[2] A timely post-conviction petition was filed in the Court of Common Pleas on June 18, 2009. Relief was denied on January 4, 2011; the denial of relief was affirmed by the Superior Court on August 14, 2012 and allowance of appeal was denied by the Pennsylvania Supreme Court on February 13, 2013.[3] The instant counseled petition was filed on February 13, 2014.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

---

[1] See: Petition at ¶¶ 1-6.
[2] See: Petition at ¶ 9.
[3] See: Petition at ¶¶ 11,12.

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, the judgment of sentence was affirmed on July 21, 2008 and relief was not sought from the Pennsylvania Supreme Court. For this Johnson's conviction became final on August 20, 2008 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012).[4] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief until June 18, 2009 or almost a year after he could have done so. That petition was denied; the denial of post-conviction relief was affirmed by the Superior Court on August 14, 2012 and leave to appeal to the Pennsylvania Supreme Court was denied on February 13, 2013. The instant petition was filed on February 13, 2014 exactly a year after it could have been submitted. Thus, combining the delay in initially seeking post-conviction relief with the delay in seeking relief here, far in excess of the one year period in which to seek relief has expired, and the petition here is time barred.

The only exception to the imposition of this time bar is if it is equitably tolled. Holland v. Florida, 130 S.Ct. 2549 (2010). No such basis is set forth here.

---

[4] Rule 1113(a), Pa.R.App.P.

In his reply to the Commonwealth's motion, counsel for the petitioner fails to recognize that the time period between August 20, 2008 when his conviction became final, and his filing for post-conviction relief on June 18, 2009, or almost ten months must also be included in calculating the one year period in which to seek federal relief. Since the denial of post-conviction relief became final on February 13, 2013 and relief was not sought here until February 13, 2014 and additional twelve month period must be added to the elapsed ten month period for a total passage of time of twenty-two months. Thus, the petition here is clearly untimely.

Accordingly, it is recommended that the respondent's motion to dismiss be granted and because reasonable jurists could not conclude that a basis for appeal exists, that a certificate of appealability be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date.

Respectfully submitted,
s/ Robert C. Mitchell
United States Magistrate Judge

Filed: June 30, 2014