IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL JOHNSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs ) | Civil Action No. 14-214 |
| ) | Judge Bissoon |
| WARDEN MARK CAPOZZA, et al., ) | Magistrate Judge Mitchell |
| ) | |
| Respondents. ) | |

I. <u>Recommendation</u>

It is respectfully recommended that the motion for relief from final order pursuant to Rule 60(b) filed on behalf of the petitioner (ECF No. 18) be denied.

II. <u>Report</u>

Petitioner, Jamal Johnson, by his counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 13, 2014. On May 1, 2014, Respondents filed a motion to dismiss, in which they argued that the petition should be dismissed as time barred. On June 30, 2014, a Report and Recommendation (R&R) was filed, recommending that the motion be granted. Objections were filed, but on September 5, 2014, the Court filed a Memorandum Order which adopted the R&R, granted the motion to dismiss and denied a certificate of appealability.

Presently before the Court is Plaintiff's motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion should be denied.

<u>Analysis</u>

The R&R noted that Petitioner's conviction became final on August 20, 2008, when the time for him to seek relief from the Pennsylvania Supreme Court following the Pennsylvania Superior Court's affirmance of his judgment of sentence expired. He filed for post-conviction

relief on June 18, 2009, which was timely for purposes of state law, but which was counted for purposes of the one-year period in which to file a habeas corpus petition in federal court. Thus, when the denial of post-conviction relief became final on February 13, 2013 and he did not file his habeas corpus petition until February 13, 2014, the first period of ten months was added to the second period of twelve months, for a total of twenty-two months. Thus, his petition was untimely. 28 U.S.C. § 2244.

In the Rule 60(b) motion, counsel devotes most of his argument to the merits of the case, which were not reached when the petition was dismissed as untimely. His argument on the timing issue is that the federal habeas corpus petition did not raise any of the claims raised in the direct appeal, but only those claims of ineffective assistance of counsel that Petitioner first raised in the post-conviction petition. Therefore, he contends that "the petitioner erroneously believed that the time period between the direct appeal and the filing [of] his PCRA petition would not be counted." (ECF No. 18 at 7.)

Rule 60(b) allows a court to relieve a party from a final judgment, order or proceeding based on, inter alia, "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b)(1). Counsel contends that the ten months of delay between the conclusion of Petitioner's direct appeal and the filing of his post-conviction petition was a "mistake." He has submitted an unsworn affidavit from Petitioner, who states that he "was never advised by my trial counsel, Kathleen Cribbins or Appellate Counsel Paul Gettleman or Rob Carey that the time period of July 21, 2008 and June 18, 2009 would count toward the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) and (d)(2) and applicable to 28 U.S.C. § 2254." (ECF No. 18 Ex. H.)

The Supreme Court has held that, with respect to calculating filing deadlines for purposes of § 2244, "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling,

2

particularly in the postconviction context where prisoners have no constitutional right to counsel." Lawrence v. Florida, 549 U.S. 327, 336-37 (2007). Petitioner's argument that he and his counsel made a "mistake" warranting relief under Rule 60(b)(1) is therefore unavailing.

For all the reasons cited above, it is recommended that the motion for relief from final order pursuant to Rule 60(b) filed on behalf of the petitioner (ECF No. 18) be denied.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections by January 25, 2016. Any party opposing the objections shall file a response by February 8, 2016. Failure to file timely objections will waive the right of appeal.

s/Robert C. Mitchell<br>
ROBERT C. MITCHELL<br>
United States Magistrate Judge

Date: January 11, 2016